WIGGINTON, Judge.
Earl White has appealed a final order rendered by the County Judge’s Court of Jackson County denying his petition to set aside and hold for naught a prior judgment finding him to be mentally incompetent.
On August 16, 1965, appellant’s wife, Iris White, filed before the County Judge a sworn statement to the effect that she believed her husband to be mentally incompetent and praying that he be confined in the county jail pending the outcome of an insanity hearing. With such affidavit Iris White filed a formal petition representing that her husband, the appellant herein, was believed to be incompetent and praying that an examination be made as to his mental and physical condition. Based upon the foregoing affidavit and petition the County Judge, on August 16, 1965, rendered an order directing the sheriff of the county to confine appellant in the county jail until further order of the court. The sheriff’s return of service shows that the order was executed on August 16, 1965, the day of its issuance. On the same day the County Judge issued a written notice to appellant reciting that a petition to inquire into his mental and physical condition had been filed, and notifying him that a hearing on the petition would be held before the court on August 21, 1965, at which time appellant might be heard either in person or by counsel. There is no evidence in the record establishing that this notice was ever served on appellant either before or after his arrest by the sheriff, or prior to the hearing which was held by the court on the date, time, and place stated in the notice. An examining committee was appointed pursuant to the requirements of the statute, which examined appellant and rendered its written report to the court finding appellant to be mentally incompetent because of paranoid schizophrenia, the particular hallucinations being delusions of persecution. The committee’s report was filed before the court at the hearing held on August 21, 1965, at the conclusion of which hearing an order was rendered adjudging appellant to be incompetent within the meaning of the statutes in such cases made and provided. On the date of this adjudication a supplemental order was rendered directing the sheriff to deliver appellant to the Escambia General Hospital in Pensacola. There appears in the record a report submitted by the psychiatric department of the hospital which recites that over a ten day period appellant was examined and tested by the hospital staff, as a result of which no psychiatric disease was found to exist. On August 30, 1965, appellant was. discharged from the hospital.
The petition filed before the trial court on April 29, 1969, alleges that the court failed to comply with the mandatory requirements of F.S. Section 394.22, F.S.A., in its conduct of the incompetency hearing held on August 21, 1965, and prays for an order declaring the judgment of incompetency to be void and of no effect. Although a hearing on the petition was held, no testimony or evidence was adduced but on adjournment appellant’s counsel re *482 served the right to offer evidence at a later date to which the court expressed no objection. On May 27, 1969, without further notice to appellant or his attorney, the County Judge rendered his order denying the petition in question. This order recited that the cause came on to be heard before the court upon the petition to void the order adjudging incompetency, and the court having heard the argument of counsel in support of the petition, and the court being fully advised, it was adjudged that the petition be and it was thereby denied. Appellant’s petition for rehearing praying for an evidentiary hearing and an opportunity to establish the allegations of his petition by proof was denied.
The primary question presented for our decision is whether the record of the incompetency proceedings establishes that appellant had reasonable notice of the incompetency hearing held before the court on August 21, 1965, and, if not, did such lack of notice divest the court of jurisdiction and render the judgment of incompetency void.
The statute relative to incompetency proceedings provides as follows:
“Notice; hearing. — Whenever a petition is filed the county judge, or, in his absence or disability, a circuit judge, shall set a date for an immediate or a very early hearing on the petition. Reasonable notice shall then be given in writing to the alleged incompetent and to one or more members of his family, if any (other than petitioner) are known to the county judge to be residing within his jurisdiction, notifying them that application has been made for an inquiry into either the mental or the physical condition, or both, of the alleged incompetent and that a hearing on such application will be had before the judge having jurisdiction at the time and place to be specified in said notice. * * *” [1]
It appears to be the settled law of this state that being a court of limited jurisdiction, the orders and judgments of a county judge’s court carry no presumption as to the existence of jurisdiction. In Krivitsky v. Nye[2] our Supreme Court said:
“The County Judge’s Court is not a court of general jurisdiction in the course of the common law, and the rule of presumption as to jurisdiction not appearing in the record is not applicable to this court. Its jurisdiction should appear by its records, and when its records and proceedings do not disclose jurisdiction in a particular case they may be attacked in any collateral proceeding by showing the absence of jurisdiction. See Epping v. Robinson, 21 Fla. 36; State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666.”
It has been held that reasonable notice of the incompetency hearing must be given to the alleged incompetent in order for the court to acquire jurisdiction over his person to an extent sufficient to render valid a judgment of incompetency rendered in the proceeding. In Rehrer v. Weeks [3] the Second District Court of Appeal was called upon to review a judgment in prohibition rendered by the Circuit Court of Highlands County in which the County Judge’s Court of that county was prohibited from proceeding further in an incompetency proceeding there pending against the appellee Weeks. In commenting upon the necessity for valid notice of the incompetency hearing as a prerequisite to the court’s jurisdiction to act in the premises, the court, speaking through Judge Kanner, said:
“The notice of hearing, the service of notice or process, in any trial or proceeding for determination of competency or incompetency status in an inquisition action, shall be governed by the rules pertaining to such matters in the general *483 guardianship law, except as otherwise specified in section 394.22. Section 394.22(8), F.S.A.
“The method of service in guardianship proceedings is that the service maybe made within the state in the manner prescribed by law for the service of any summons by any official of the state, or service may be made by any person by delivery of a true copy of a notice or citation to the person to be served. When service is made by a person other than an officer, the return of service shall be by affidavit. Notice or citation may be served outside the state by any official authorized to execute service in the state, territory, or country where the person to be served resides or can be found; or such service may be performed by any person, provided that, if service is made by a person other than an officer, the return shall be made by affidavit. Service upon an incompetent is made by serving the notice or citation-upon such incompetent and also on the person in whose care or custody the incompetent may be. Section 744.29(4), F.S.A.”
In an effort to overcome the insufficiency of notice, the appellant in Weeks contended that formal service of notice was imma-rial because the alleged incompetent and his attorney both had actual knowledge of the pendency of the incompetency proceeding. In rejecting such contention, the court said:
“* * * Mere knowledge that an incompetency proceeding has been brought creates no substitute for service of process and confers no jurisdiction to adjudge whether a person is mentally incompetent without a voluntary appearance or waiver. Here neither the appel-lee nor his attorney voluntarily appeared in person nor by pleading, nor was there any act on their part that submitted ap-pellee to the jurisdiction of the county judge’s court. See 42 Am.Jur., Process, section 4, p. 8; 3 Am.Jur., Appearances, sections 5 and 6, p. 784.”
In conclusion, the court in Weeks said:
“* * * Jurisdiction has not been obtained over the person of appellee due to failure of proper process and service as prescribed by law. Consequently, the writ of prohibition must be affirmed on the proposition that we have enunciated. * *
In the case of In re Guardianship of Swain[4] this court held that although notice of an incompetency hearing was properly served on the alleged incompetents, the service was not made until the day of the hearing and therefore did not constitute reasonable notice as required and contemplated by F.S. Section 394.22(4), F.S. A., quoted above. This court did not order that the judgment of incompetency rendered in the Guardianship of Swain be set aside and declared void, but did remand the case with directions to the county judge that a new notice be issued and served on the alleged incompetents, giving them reasonable time to arrange for counsel, and that a further inquiry be made into the question of their incompetency.
Since the record of the intompeten-cy proceeding in the case sub judice contains no evidence establishing that the notice of the hearing was properly served on appellant, or that he had reasonable notice of the hearing prior to the day it was held, the court’s jurisdiction to render the judgment of incompetency is properly brought into question by the petition filed by appellant before the County Judge. Whether such notice was served on appellant sufficiently in advance of the hearing as to afford him the reasonable opportunity of employing counsel and preparing to defend against the charge placed against him is a fair subject of inquiry to be developed by proof to be adduced on the issues raised by *484 the petition. We are therefore of the view, and so hold, that the trial court erred in refusing appellant an evidentiary hearing on the petition filed before it, and in rendering its order denying the prayer of the petition on the basis of the record of the proceedings on file in the court.
We have considered the contentions of appellee that appellant is estopped by lach-es to question the validity of the judgment here assaulted, or that he waived formal notice of the hearing by his forced in custody appearance before the court at the time the hearing was held. These contentions lack merit and cannot form a basis for affirming the order appealed. The order is accordingly reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. F.S. § 394.22(4), F.S.A.

. Krivitsky v. Nye, 155 Fla. 45 (1944), 19 So.2d 563, 568.

. Rehrer v. Weeks (Fla.App.1958), 106 So.2d 865, 868-869.

. In re Guardianship of Swain (Fla.App.1967), 199 So.2d 736.