WIGGINTON, Judge.
This is the second appearance of this case in this court. Our opinion rendered on the first appearance recites in detail the facts underlying this proceeding.[1]
Briefly summarized the facts are that an incompetency proceeding was instituted against Earl White by his then wife on August 16, 1965. He was incarcerated, examined by a committee, and following a formal hearing by the court was adjudged incompetent and committed to a mental institution by order rendered August 21, 1965. Immediately upon his admission to the custodial institution to which he was committed, Earl White underwent a ten-day program of intensive tests and examinations at the conclusion of which a certificate was filed by the hospital staff finding that he was suffering from no psychiatric disease. Based upon this medical finding he was discharged on August 30, 1965. Approximately four years later Earl White-instituted this proceeding by which he challenges the validity of the 1965 order rendered by the county judge finding him to be mentally incompetent. The basis of his challenge is that he was not afforded proper notice of the incompetency hearing as required by law. From an adverse judgment rendered without the opportunity of an evidentiary hearing, Earl White appealed.
The position of appellant was sustained by this court, the adverse judgment of the county judge’s court was reversed, and the cause remanded with directions that an ev-identiary hearing be held and a judicial determination made as to whether Earl White had in fact been properly served with adequate notice of the incompetency hearing which resulted in the adjudication of incompetency rendered by the court in 1965. We stated the law to be that proper notice of an incompetency' hearing must be served on the alleged incompetent in accordance with the requirements of the statute before the court acquires jurisdiction to adjudicate his mental competency. Implicit in our decision and mandate was the direction that if after a proper hearing the *56 county judge’s court found that adequate notice of the incompetency hearing was not served on Earl White at the time of the original proceeding in 1965, then the judgment of incompetency should be declared void, set aside and held for naught.
Upon the going down of our mandate, an evidentiary hearing was held by the court pursuant to the directions of our mandate. At the conclusion of this hearing the county judge rendered an order sustaining the allegations of appellant’s petition and finding that proper notice of the incompetency hearing had not been served on Earl White at the time of the original proceeding held in 1965. Based upon this holding, the court further ordered that a new notice be prepared and served on Earl White of an incompetency hearing to be thereafter held based upon the original petition for incompetency filed by Earl White’s wife on August 16, 1965; that “the order of confinement be dismissed with the apparent removal of whatever danger or peril was alleged in the original affidavit signed by Iris White on August 16, 1965”; and, that the original order adjudicating incompetency continue in effect pending the hearing to be later conducted for the purpose of inquiring, into Earl White’s competency. It is this last order rendered on March 5, 1970, which appellant seeks to have reviewed on this appeal.
This court’s jurisdiction to afford appellate review is fixed by the constitution of this state. With respect to orders of the type here considered, it is provided that District Courts of Appeal may hear: “Appeals * * * from final orders or decrees of county judge’s courts pertaining to * * * estates and interests of * * * incompetents, * * [2] The order challenged by this appeal is interlocutory in character and does not fall within that category of “final orders or decrees of county judge’s courts” of which this court has jurisdiction. The appeal, therefore, must necessarily be dismissed but without prejudice to the right of appellant to seek review of the order here complained of after the proceeding has been concluded by rendition of a final order or decree.
Interlocutory appeal dismissed.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. In re White, 230 So.2d 480 (Fla.App.1970).

. Fla.Const. art. V, § 5(3), F.S.A.