**Earl WHITE, Plaintiff-Appellant,**

v.

**Dr. Glen E. PADGETT et al.,
Defendants-Appellees.**

No. 72-1597.

United States Court of Appeals,
Fifth Circuit.
March 2, 1973.

Rehearing Denied April 3, 1973.

Edwin A. Green, II, Tallahassee, Fla., for plaintiff-appellant.

W. Robert Olive, Jr., Dept. of Legal Affairs, Tallahassee, Fla., Ben F. Barnes, Thomas C. Wilkinson, Marianna, Fla., J. Ben Watkins, Steve M. Watkins, Tallahassee, Fla., for defendants-appellees.

Before RIVES, THORNBERRY and GOLDBERG, Circuit Judges.

RIVES, Circuit Judge:

Predicating jurisdiction on 28 U.S.C. § 1343(3),[1] plaintiff White brought this action for deprivation of his civil rights under 42 U.S.C. § 1983.[2] Defendants claimed that the complaint failed to state any specific acts which would make them liable under 42 U.S.C. § 1983, quoted in the preceding note, and for that reason moved to dismiss the complaint.[3] The district court granted

---

1. "The district court shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

   " * * *

   "(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

2. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

3. Under Rule 12(b)(6), F.R.Civ.P.

defendants' motion without prejudice to the filing of an amended complaint. Plaintiff then filed an amended complaint more specifically, albeit succinctly, stating his claim as follows:

"That the Defendants * * * are sued in their official and individual capacities as members of the Inquisition of Incompetency Committee.

"At all times mentioned herein, the Defendants were acting under the color of state statute * * *.

"That on the 21st day of August, 1965, Plaintiff was adjudged incompetent based on a petition filed in Jackson County [Florida] and was confined to Escambia General Hospital in Escambia County, Pensacola, Florida.

"That Florida Statutes 394.22(6) [F.S.A.] require the appointment of a committee and the Defendants herein were appointed to that committee; that said statute further requires each member of the committee to examine the person to be committed; that the Defendants herein did not comply with said statute, that is to say, that *they did not within a reasonable time after notice of their appointment proceed to make such examination of said person as will enable them to ascertain thoroughly his mental and physical condition as of the time of the examination;* that each of the Defendants signed their names to a report specifically stating that they had examined the Plaintiff as required by statute when in fact they had not.

"That the Plaintiff * * * was not appointed a guardian and therefore could not bring a civil action against any person or persons until after the year 1970 at which time his competency was restored; that the Statute of Limitations did not start running until after 1970.

"That the Defendants, through the above action, have caused the Plaintiff to suffer a deprivation of his rights, privileges and immunities secured by the Constitution of the United States of America, particularly the rights, privileges, and immunities secured by the Fifth and Fourteenth Amendments to the Constitution of the United States."

(Emphasis added.) [4] Defendants moved to dismiss the complaint as amended, again insisting that it failed to state a claim upon which relief can be granted,[5] but this time claiming (1) that the plaintiff's action was barred by the statute of limitations, and (2) that the defendants acted in a quasi-judicial capacity and hence are immune from liability for damages. The district court granted the defendants' motion and dismissed the amended complaint, this time *with prejudice.* In its order the district court stated that:

"this Court is of the view that the amended complaint fails to state a claim upon which relief can be granted and that the amended complaint must be dismissed. Mills v. Small, 446 F.2d 249 (9th Cir. 1971); Bartlett v. Weimer, 268 F.2d 860 (7th Cir. 1959).

"Recognizing that the bar of the statute of limitations is an affirmative defense ordinarily raised and considered once defensive pleadings have been disposed of, this Court nonetheless further finds at this juncture that the statute of limitations would be a bar to maintenance of this action. Mills v. Small, supra." (R. 94.)

This appeal ensued.

Two issues are briefed and argued by the parties, viz.: (1) whether plaintiff's claim is barred by a statute of limitations, and (2) whether the defendants

---

4. The part of plaintiff's amended complaint which we have emphasized tracks the following language in 14A. F.S.A. § 394.22 (6)(a):

"The examining committee, within a reasonable time after notice of their appointment, shall proceed to make such examination of said person as will enable it to ascertain thoroughly his mental and physical condition as of the time of the examination."

5. See Rule 12(b)(6), F.R.Civ.P.

are immune from liability for damages. We hold with the defendants on limitations and do not reach the question of immunity *vel non.*[6]

### Plaintiff's Claim Is Barred by Limitations

■ As the district judge observed, "* * * the bar of the statute of limitations is an affirmative defense * * *." [R. 94. See Rule 8(c), F.R. Civ.P.] However, the complaint is subject to dismissal under Rule 12(b)(6), F.R.Civ.P., for failure to state a claim upon which relief can be granted when the affirmative defense clearly appears on the face of the complaint.[7]

The present action was commenced by the filing of the original complaint on June 23, 1971 (R. 4). The complaint affirmatively alleged the date of August 21, 1965, as the time at which plaintiff was adjudged incompetent and confined to Escambia General Hospital. The time intervening between the two dates last mentioned is five years, ten months and two days. Apparently in an effort to justify such a long delay, the plaintiff averred in his amended complaint that no guardian was appointed for the plaintiff and he "* * * therefore could not bring a civil action against any person or persons until after the year 1970 at which time his competency was [judicially] restored; that the Statute of Limitations did not start running until after 1970." For reasons presently to

be stated we conclude that, in taking that position, the plaintiff misapprehended the controlling principles of law.

■ Neither the plaintiff nor the defendants dispute the law as stated in plaintiff's brief at page 25:

"There is no federal statute of limitations for claims brought under 42 U.S.C. § 1983 and 1985 thus the applicable Florida statute is to be borrowed. O'Sullivan v. Felix, 1914, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980; Beard v. Stephens (5th Cir., 1967) 372 F.2d 685. Cf. McGuire v. Baker (5th Cir., 1970) 421 F.2d 895."

The parties are also in agreement, and necessarily so, that the applicable Florida statute is not one providing limitations for the recovery of real property, but is either subsection (4), as claimed by the plaintiff, or subsection (5)(a), as claimed by the defendants, of Florida Statutes Annotated § 95.11. In pertinent part that statutes provides:

"Actions other than those for the recovery of real property can only be commenced as follows:

"* * * *

"(4) *Within four years.*—Any action for relief not specifically provided for in this chapter.

"(5) *Within three years.*—

"(a) An action upon a liability created by statute, other than a penalty or forfeiture."

6. Attached to plaintiff-appellant's brief are 17 exhibits consisting of certified copies of documents from his "Inquisition of Incompetency" and from the proceedings in the Florida state courts on his "Petition to Void Order Adjudging Incompetency." The defendants moved to strike these exhibits because they are not a part of the record in this case, were never a part of the proceedings in the district court, and were not considered by the district judge. The plaintiff responded, insisting that the exhibits are relevant and are simply the documents which reflect the facts and the judicial findings of the state courts. Prior to submission of this appeal, we ordered that the defendants' motion to strike be carried with the case. Now we find that the exhibits are not essential,

and that this appeal can be and is determined on the strict record alone. The defendants' motion to strike is therefore practically moot, and need not be decided. However, we note that plaintiff gets the benefit of most of the exhibits because their substance is reflected in one or the other of two published opinions of the District Court of Appeal of Florida, First District, dated respectively January 20, 1970, 230 So.2d 480, and June 18, 1970, 237 So.2d 55.

7. Freund v. Insurance Co. of N.A., 5 Cir. 1967, 370 F.2d 924; Mills v. Small, 9 Cir. 1971, 446 F.2d 249; 5 Wright & Miller, Federal Practice & Procedure § 1270, pp. 289, 300 n. 6, § 1226, p. 101 n. 11.

■ Section 95.11 contains no provision suspending or tolling the limitation period because of disability arising from insanity or from any other cause. In Florida the only limitation statute suspended or tolled by insanity or other disability is that applicable to the recovery of real property. The pertinent part of that statute is quoted in the margin.[8] That difference in the Florida limitation statutes resulted in a holding by the Supreme Court of Florida, that a plaintiff's disability by reason of insanity existing when his right of action for slander of title accrued could not toll the running of the statute of limitations, the court reasoning as follows:

"It is clear that his action was barred unless his insanity tolled the statute.

"The general rule is that unless a statute of limitations contains a saving clause, relief from its provisions [on] account of disability will not be granted. The statute in question contains an exception relative to recovery of real property but it does not help appellant who claims damages for slander of title. When the legislature refuses to write exceptions into the act the courts have consistently refused to do so. 34 American Jurisprudence, page 162, Section 201; Dobbs v. Sea Isle Hotel, Fla., 56 So.2d 341. See also Faulk & Coleman v. Harper, Fla., 62 So.2d 62. In this holding we do not overlook appellant's contention that Section 95.20, F.S.A., authorizes this action. This statute has to do with actions for recovery of real property while the action here is based on tort and is not covered by the last-cited statute."
Carey v. Beyer, Fla.1954, 75 So.2d 217, 218.

The strictness with which limitation statutes are construed in Florida is illustrated by a recent case, Gasparro v. Horner, Fla.Dist.Ct.App., 4th Dist., 1971, 245 So.2d 901, in which, over a vigorous dissent, a Florida court held that the cause of action of a minor, who had been orphaned in an accident occurring more than four years prior to commencement of the action but who had been adopted approximately 21 months after the accident, accrued on the date of the accident rather than the date of the minor's adoption, and the action was barred by the four-year statute of limitations. On rehearing the majority said:

"As to whether the plaintiff's disability of infancy operated to toll or suspend the running of the Statute of Limitations 51 Am.Jur.2d, Limitation of Actions § 138 (1970) states:

" 'While most courts give recognition to certain implied exceptions arising from necessity, it is now conceded that they will not, as a general rule, read into statutes of limitation an exception which has not been embodied therein, however reasonable such exception may seem and even though the exception would be an equitable one. The modern rule of construction in

8. "95.20 *Real actions; adverse possession against persons under disability*
"(1) If a person entitled to commence any action for the recovery of real property, or to make an entry or defense founded on the title to real property, or to rents or services out of the same, be at the time such title shall descend or accrue, either:
"(a) Within the age of twenty-one years;
"(b) Insane; or
"(c) Imprisoned,
The time during which said disability shall continue shall not be deemed any portion of the time in this chapter limited for the commencement of such action, or the making of such entry or defense; but such action may be commenced, or entry or defense made, within the period of seven years after such disability shall cease, or after the death of the person entitled who shall die under such disability; but such action shall not be commenced, or entry or defense made, after that period.
"(2) But adverse possession as hereinbefore defined for thirty years shall confer title even as against persons under the disabilities mentioned in this section.
"(3) A married woman may prosecute any action concerning her land, in her own name, and without joining her husband." 7 F.S.A.1972 P.P.

this respect is that unless some ground can be found in the statute for restraining or enlarging the meaning of its general words, it must receive a general construction, and the courts cannot arbitrarily subtract therefrom or add thereto. *Undoubtedly a hardship will result in many cases under this rule, but the court may construe only the clear words of the statute, and if its scope is to be enlarged, the remedy should be legislative rather than judicial* * * *.'

A study of Chapter 95, F.S. reveals neither express nor implied terms which would by reason of infancy toll the running of the particular period of limitation here involved." [Emphasis that of the Florida court.]

245 So.2d at 905.

In the district court (R. 46) the plaintiff relied upon and quoted the statute prescribing the effect of a judgment adjudicating a person to be mentally incompetent:

"(10) *Effect of judgment.*—

"(a) After the judgment adjudicating a person to be mentally incompetent is filed in the office of the county judge, such person shall be presumed to be incapable, for the duration of such incompetency, of managing his own affairs or of making any gift, contract, or any instrument in writing which is binding on him or his estate. The filing of said judgment shall be notice of such incapacity."

14A F.S.A. § 394.22(10)(a).

■ The presumption created by that statute is not stated to be a *conclusive* presumption, but may, we think, be rebutted by plaintiff's evidence. Indeed, the present plaintiff successfully followed that course in the petition which he himself filed to set aside the judgment finding him to be a mental incompetent. In re White, Fla.Dist.Ct.App., 1st Dist., 1970, 230 So.2d 480.

■ Further, since under F.S.A. § 394.22(10)(a) the effect of the judgment adjudicating plaintiff to be a mental incompetent was no more than to create a rebuttable presumption of his continuing incompetency, its effect on tolling a statute of limitations cannot depend on the adjudication of incompetency without more, but ultimately turns on whether plaintiff was in fact mentally incompetent. Compare Woodruff v. Shores, 1945, 354 Mo. 742, 190 S.W.2d 994. Ironically, in order to recover on the merits of his claim against the defendants, the plaintiff would probably have to prove just the opposite, that is, that he was mentally competent.

■ In his brief on appeal, the plaintiff urges a theory different from that stated in his amended complaint for tolling the statute of limitations:

"The transaction beginning on September 16, 1965, when the appellant was arrested and confined in jail pending the hearing on his competency, and running until he was released from Escambia Hospital on August 30, 1965, as '. . . competent . . .' was all one uninterrupted continuous transaction. For a period of fourteen days the appellant was uninterruptedly confined as an incompetent. The judicial machinery had been set in operation by the petition of his wife and was continuing to grind out the 'mental examination,' the hearing, the reevaluation by the hospital staff at Escambia General Hospital, and ultimately his release from that hospital. The relevance of these facts to the subissue here being considered is simply that after fourteen days of confinement culminating in his release and armed with the letter from the examining physician from the hospital, the appellant left the hospital under the impression that all the wrongs had been corrected by his release. Some ten months later when he attempted to register to vote and was told that he could not vote because he was still incompetent he realized that he had in fact been injured by the negligent acts of the defend-

ants. It was May of 1966 when he registered to vote that the appellant learned for the first time of his injury. It is his contention under the facts and the law that the statute of limitations, whatever its length, did not begin to run until this time."

(Plaintiff's brief, p. 21.)

We do not agree. Assuming arguendo that defendants have no immunity, plaintiff's amended complaint clearly stated injury by false imprisonment during the period that he was forcibly confined in the Escambia Hospital. Beckham v. Cline, 1942, 151 Fla. 481, 10 So. 2d 419.

However, even if plaintiff were sound in his argument that the statute of limitations did not begin to run until May, 1966, he then delayed until June 28, 1971, that is for more than four years, before filing his original complaint against the defendants. Even the plaintiff does not contend for a period of limitations longer than four years.

In a third theory advanced by plaintiff, he relies upon Mizell v. North Broward Hospital District, 5 Cir. 1970, 427 F.2d 468, to insist that the limitation period was tolled during the *pendency* of the state proceeding to vacate the incompetency order. That proceeding extended over a period of one year and ten months. If that time is deducted from the total period of delay, plaintiff would be charged with a culpable delay of more than three but less than four years. We forego discussing why, in our opinion, plaintiff's reliance on *Mizell* is misplaced, because we reject plaintiff's attempted differentiation of Nevels v. Wilson, 5 Cir. 1970, 423 F.2d 691, and adhere to the holding of that case that the three-year statute is applicable to claims under 42 U.S.C. § 1983. In Mills v. Small, 9 Cir. 1971, 446 F.2d 249, cited by the district court, the Ninth Circuit also adopted a state statute which covered a liability "created by statute."

If we have not discussed all of the arguments to avoid the limitations bar which the admirable ingenuity of plaintiff's present counsel has developed, we have considered them all and have found each insufficient. The judgment is

Affirmed.