Patricia Ann SANDERS,
Plaintiff–Appellant,

v.

DEPARTMENT OF the ARMY,
Defendant–Appellee.

No. 92–1014.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1992.

Decided Dec. 22, 1992.

Richard J. Pautler and Lisa A. Ottolini, St. Louis, MO, for appellant.

---

Joseph B. Moore, Asst. U.S. Atty., St. Louis, MO, and Captain Michael J. Davidson, Dept. of the Army, Arlington, VA, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

PER CURIAM.

In February 1988 Patricia Ann Sanders was discharged from her position as a clerk/typist for the Army Aviation Systems Command. She appealed to the Merit Systems Protection Board, alleging that she was discharged because of her race and sex. The Board's adverse decision became final in August 1988. Sanders filed this petition for review in January 1991. Such a petition "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action." 5 U.S.C. § 7703(b)(2).

In the district court, the government filed its answer alleging the affirmative defenses of failure to state a claim and lack of jurisdiction. Two months later, the government moved to dismiss Sanders's petition as time-barred. Sanders opposed the motion, arguing to the district court,[1] as she does on appeal, that § 7703(b)(2) provides an affirmative statute of limitations defense that the government waived by failing to plead it in the answer. The government responded that compliance with the statute's time limitation is a jurisdictional prerequisite, and that such a defect cannot be waived.

Like the district court, we find it unnecessary to decide whether § 7703(b)(2) is a statute of limitations or a non-waivable jurisdictional limitation. Even if § 7703(b)(2) is a statute of limitations, it is arguable that the failure to state a claim defense in the government's answer preserved the limitations defense. Although statutes of limitations provide an affirmative defense that ordinarily must be specifically pleaded, see Fed.R.Civ.P. 8(c), a complaint is subject to dismissal for failure to state a claim "when the affirmative [limitations] defense

clearly appears on the face of the complaint." *White v. Padgett,* 475 F.2d 79, 82 (5th Cir.), *cert. denied,* 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973).

Moreover, even if the government's answer did not properly preserve the limitations defense, the district court had the discretion, which it expressly exercised, to grant the government leave to amend its answer to include this omitted Rule 8(c) defense. *See Groninger v. Davison,* 364 F.2d 638, 640 (8th Cir.1966). It was not necessary for the district court to require the meaningless formality of an amended answer because the government's motion to dismiss, which expressly raised the limitations issue, provided Sanders with sufficient notice. *See Grant v. Preferred Research, Inc.,* 885 F.2d 795, 797–98 (11th Cir.1989).

We conclude that Sanders's petition for review was clearly time-barred under § 7703(b)(2), and that the district court did not abuse its discretion in allowing the government to raise this defense in its motion to dismiss filed two months after its answer. Accordingly, the judgment of the district court is affirmed.

---

1. The HONORABLE GEORGE F. GUNN, JR., United States District Judge for the Eastern Dis-    trict of Missouri.