89 F.3d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert E. WINTERS, Appellant,
v.
Cranston MITCHELL, Commissioner; Bill Buck, Parole Officer;
James Gammon, Superintendent, Appellees.
 No. 95-2951.
 United States Court of Appeals, Eighth Circuit.
 Submitted May 31, 1996.
Decided June 13, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Winters appeals the district court's[1] order denying summary judgment to Winters and granting summary judgment to defendants in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Winters, who is serving a life sentence with eligibility for parole, alleged that defendants violated his Fourteenth Amendment due process rights when they denied him a parole hearing under the parole statute in effect when he was convicted and sentenced. See Mo.Rev.Stat. § 217.690.2 (1984). Winters's claim was previously the subject of a 28 U.S.C. § 2254 petition, which the district court[2] denied after concluding that Winters did not possess a liberty interest in receiving a parole hearing as he was not eligible for parole at the time. Although defendants did not plead claim or issue preclusion as an affirmative defense in their answer, the district court allowed defendants--over Winters's objection--to raise preclusion in their motion for summary judgment. The court then granted summary judgment to defendants on the ground of claim preclusion.
 
 
 3
 We reject Winters's argument that the district court improperly allowed defendants to raise claim preclusion in their summary judgment motion, because Winters has consistently failed to show either that he lacked notice of the defense, or that defendants' delay prejudiced his ability to respond. See Sanders v. Department of the Army, 981 F.2d 990, 991 (8th Cir.1992) (per curiam) (district court did not have to require formality of amended answer, and properly exercised discretion to allow government to raise affirmative defense for first time in motion to dismiss, which was sufficient notice to plaintiff); Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir.1993) (in absence of prejudice, affirmative defense may be raised for first time in summary judgment motion).
 
 
 4
 After reviewing the record, we conclude the district court correctly determined that claim preclusion barred Winters's due process claim, because it was litigated and decided in his prior habeas petition, and the same parties or their privies were involved in both actions. See Allen v. McCurry, 449 U.S. 90, 94 (1984) (under res judicata, final judgment on merits precludes parties or their privies from relitigating issues raised in prior action).
 
 
 5
 We deny Winters's "Motion Requesting Judicial Notice." The judgment is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri
 
 
 [2]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri