**Brenda Gail ANDREWS, Petitioner,**

v.

**Gary JOHNSON, Director, TX Dept. of Criminal Justice, Institutional Division, Respondent.**

**No. 1:96–CV–228–C.**

United States District Court,
N.D. Texas,
Abilene Division.

Aug. 15, 1997.

**41.** *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54.

**42.** *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

Brenda Gail Andrews, Marlin, TX, pro se.

Erik E. Cary, Asst. Atty. Gen., Austin, TX, for Respondent.

### ORDER DENYING RESPONDENT'S MOTION TO DISMISS BASED ON A CLAIM OF LIMITATIONS

CUMMINGS, District Judge.

The Petitioner, Brenda Gail Andrews, has filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. The Respondent in lieu of an Answer filed a Motion to Dismiss. Respondent alleged under the new Habeas Statute invoking a one-year limitation period, 28 U.S.C. §§ 2241(d)(1) and 2254, paragraph 6, was a jurisdictional bar to the filing of this Petition for a Writ of Habeas Corpus. The U.S. Magistrate Judge entered a Recommendation to deny this claim of limitations. No Objections have been filed to such Recommendation. The Court has made an independent review of the records.

It is, therefore, Ordered the findings of fact, conclusions of law and recommendation of the U.S. Magistrate Judge are adopted.

It is, further Ordered the Respondent's Motion to Dismiss on the basis of a limitations bar is denied and overruled.

It is, further Ordered the Respondent is granted thirty (30) days after the date of the filing of this Order with the United States District Clerk in which to file the Respondent's Answer to the Petition for a Writ of Habeas Corpus.

### RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS BASED ON A CLAIM OF LIMITATIONS

WARNICK, United States Magistrate Judge.

The Respondent has filed a Motion to Dismiss. This is a claim the Petition is barred by the new Habeas Limitations law.

One of the issues to be determined with regard to the new Habeas Statute of Limitations Act, 28 U.S.C. §§ 2244(d)(1) and 2254, paragraph 6, is to decide whether or not the limitations bar is jurisdictional or an affirmative defense.

The law which permits a case to be filed in court is determinative of jurisdictional versus affirmative defense. There is case authority for the position a Statute of Limitations in some instances is jurisdictional. Case law finding such Statutes jurisdictional is based on a Legislative waiver of Sovereign immunity as the basis of the suit. 28 U.S.C. § 2254 actions are brought as a Writ which is a right provided by the United States Constitution. Thus, a Habeas case arises as a matter of right, not as a matter of the limited waiver of Sovereign immunity.

Cases brought under 28 U.S.C. § 2254 do not arise because of a waiver of Sovereign immunity. The writ of "[h]abeas corpus, as an instrument to protect against illegal imprisonment, is written into the Constitution. Its use by courts cannot in my judgment be

constitutionally abridged by the Executive Branch or the Congress. Courts should not for any reason abdicate this, the loftiest power with which the Constitution has endowed them." *See Johnson v. Eisentrager*, 339 U.S. 763, 798, 70 S.Ct. 936, 954, 94 L.Ed. 1255 (1950), dissenting opinion by Justice Black. The purpose of Section 2254 actions is to require state convictions to meet Federal Constitutional requirements applicable to the states, *Smith v. McCotter*, 786 F.2d 697 (5th Cir.1986). The United States Constitution provides, "The privilege of the writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.", U.S. Const. art. 1, section 9, cl. 2. Thus, an Application for a Writ of Habeas Corpus is a right. It is not based on a statutory waiver of Sovereign immunity.

Rule 11, Rules Governing Section 2254 Cases, authorizes use of the Federal Rules of Civil Procedure, provided they are not inconsistent with the Habeas Rules. Rule 8(c), Federal Rules of Civil Procedure, provides a Statute of Limitations claim is an affirmative defense. An affirmative defense must be pled or it is waived. Requiring the Statute of Limitations to be pled is treated broadly by the Courts if the issue is apparent on the face of the complaint. If limitations is facially apparent from the Petitioner/Plaintiff's pleadings, then it may be raised in a Motion to Dismiss or other similar dispositive motion.

*Mendez–Rosas v. I.N.S.*, 87 F.3d 672 (5th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 694, 136 L.Ed.2d 617 (1997), has been cited as authority for the jurisdictional nature of the Statute of Limitations in the Federal Courts. This is an Immigration law case. The petitioner in *Mendez–Rosas* conceded deportability and applied for discretionary relief via waiver of deportation. The Immigration Appeals Board denied the petitioner's request and he appealed to the Federal Court of Appeals. Section 106 of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1105a(a), had previously been the jurisdictional basis for the Appeals Court's authority to hear the appeals of aliens seeking to challenge the final deportation orders of the Immigration Appeals Board. Section 440(a) of the AEDPA, however, changed the jurisdiction of the Courts by eliminating judicial review of final deportation orders involving a petitioner who had committed an aggravated felony. *Mendez–Rosas* deportation case resulted from his conviction of attempted murder. Therefore, the case fell within the parameters of the new Section 440(a) of the AEDPA. The AEDPA effective date occurred during the pendency of his appeal. The *Mendez–Rosas* Court found because Section 440(a) explicitly affects jurisdiction, it spoke to the power of the Court, rather than the rights of a potential deportee. Therefore, the Court found it was "easily classified as jurisdictional in nature.", *id.*, at 676. Since the petitioner failed to rebut the presumption of retroactive application the Court held Section 440(a) on a jurisdictional basis barred judicial review of the Immigration Appeals Board decision. The case did not involve a Constitutional grant as with Habeas Corpus.

For example, if an FTCA claim is made, the limitations period is jurisdictional, *Houston v. U.S. Postal Service*, 823 F.2d 896 (5th Cir.), *reh. denied*, 830 F.2d 1126 (5th Cir. 1987), *cert. denied*, 485 U.S. 1006, 108 S.Ct. 1470, 99 L.Ed.2d 699 (1988). "Congress enacted the FTCA as a limited waiver of sovereign immunity of the United States", *Johnston v. United States*, 85 F.3d 217, 218 (5th Cir.1996), *citing*, *United States v. Kubrick*, 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979).

The line of cases finding the Statute of Limitations as an affirmative defense are based on Rule 8(c), Federal Rules of Civil Procedure, which provides,

"(c) Affirmative Defense. In pleading to a preceding pleading, a party shall set forth affirmatively ..., **statute of limitations**, ..." (Emphasis Added).

The issue before the Court arises in Habeas Corpus actions, thus the general rule requiring the Statute of Limitations to be pled must be considered in light of Rule 81(a)(2), Federal Rules of Civil Procedure, which provides in part,

"These rules are applicable to proceedings for ... habeas corpus ... to the extent

that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions ..."

Rule 11, Rules Governing Section 2254 Cases, expressly provides, "The Federal Rules of Civil Procedure, *to the extent that they are not inconsistent with these rules,* may be applied, when appropriate, to petitions filed under these rules." (Emphasis Added). *See Dillard v. Blackburn,* 780 F.2d 509, 513 (5th Cir.1986).

As early as 1962, the Fifth Circuit held, "habeas corpus is a civil proceeding governed by the Federal Rules of Civil Procedure, Rules 1, 81(a)(2), 28 U.S.C. . . .", *United States Ex Rel. Seals v. Wiman,* 304 F.2d 53 (5th Cir.1962), *cert. denied,* 372 U.S. 915, 83 S.Ct. 717, 9 L.Ed.2d 722; and 372 U.S. 924, 83 S.Ct. 741, 9 L.Ed.2d 729 (1963). In *Harris v. Nelson,* 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), the Supreme Court determined the Federal Rules governing discovery were an exception to the complete application of the Rules in Habeas Corpus cases. This is in accord with Rule 6, Rules Governing Section 2254 Cases.

■ Based on the foregoing, in a Habeas action the new Statute of Limitations is an affirmative defense. As such, the general body of law regarding affirmative defenses is applicable. If defendants in an action do not plead a non jurisdictional but affirmative defense limitation they have waived the defense. *See Moore v. El Paso County, Texas,* 660 F.2d 586, 590 fn. 4 (5th Cir.1981), *cert. denied,* 459 U.S. 822, 103 S.Ct. 51, 74 L.Ed.2d 57 (1982), and *Moore v. Tangipahoa Parish Sch. Bd.,* 594 F.2d 489 (5th Cir.1979).

The Statute of Limitations may be raised for the first time in a Motion to Dismiss for failure to state a claim "when the affirmative limitations defense clearly appears on the face of the complaint". *See Sanders v. Dept. Of Army,* 981 F.2d 990, 991 (8th Cir.1992), *citing White v. Padgett,* 475 F.2d 79, 82 (5th Cir.), *cert. denied,* 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973), and *United States v. Lucas,* 516 F.Supp. 934 (E.D.Tex.1981).

■ When applied to a Section 2254 case the Statute of Limitations is an affirmative defense. The Federal Rules of Civil Procedure may be used in Habeas Corpus actions, Rule 81(a)(2), and Rule 11, Rules Governing Section 2254 Cases. Additionally, Rule 8(c), Federal Rules of Civil Procedure, provides a (non jurisdictional) Statute of Limitations is an. affirmative defense. A Writ of Habeas Corpus is a right grounded in the common law, and is protected and preserved by the Constitution. It is often referred to as a "writ of right". It is not a right which arises from a waiver of Sovereign immunity. Therefore, limitations as applied to a Petition for a Writ of Habeas Corpus is not jurisdictional.

■ The Anti–Terrorism and Effective Death Penalty Act (AEDPA) of 1996 was signed into law by the President on April 24, 1996, *Gozlon–Peretz v. United States,* 498 U.S. 395, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991). Chapter 153, which is 28 U.S.C. §§ 2241–2255 and includes § 2244(d)(1), which is the new Limitations law, only applies to Writ Petitions filed on or after April 24, 1996. *See Lindh v. Murphy,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). This Petition at bar was filed on August 7, 1996, thus it is covered under the new law. For the first time the statute imposed under the Federal Writ Acts a limitation period on the filing of a Federal Writ Application by a state convicted prisoner. In 28 U.S.C. § 2244(d)(1) a one year period of limitation was imposed. The statute provided five separate provisions that would toll the running of the limitations. First, limitations does not begin to run until the final conclusion of direct review of the criminal conviction, or the expiration of the time for seeking such review. The second ground was if the state put an impediment preventing the filing of a Federal Petition in violation of the Constitutional laws of the United States, then the petitioner would not have such period of time charged to him under the limitations period. Third, if there was a newly recognized Constitutional right by the Supreme Court, then the beginning date for limitations would be the date on which the new Constitutional right was recognized, if it was also made retroactive. Fourth, would be the date on which the factual predicate of the claim(s)

presented could have been discovered through the exercise of due diligence. Finally, if there was a properly filed Application for state post-conviction or other collateral review with respect to the Judgment of Conviction, then this period while the state Application was pending would not be counted.

The Amendments with regard to limitations do not have a provision for the effective date of their enforcement. Therefore, the effective date is April 24, 1996, when the President signed the law, *Gozlon–Peretz v. United States, supra.*

The Seventh Circuit case of *Lindh v. Murphy,* 96 F.3d 856 (7th Cir.1996) (*argued en banc), revers'd on other grounds,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), is in point. The Seventh Circuit in citing the landmark case of *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), found although the Supreme Court had not addressed the questions directly, the Seventh Circuit did not doubt the Supreme Court would give a plaintiff who files after the enactment of a new limitations law a reasonable post amendment time to commence his litigation, 96 F.3d at 866. The Court stated the new limitations period was short enough, thus a reasonable time after April 24, 1996, coalesced with the one year statutory period. This Seventh Circuit decision wherein it held no collateral attack filed on or before April 24, 1997, would be dismissed under the new limitations period or the parallel provision which applied to Motions to Vacate, Set Aside or Correct a Sentence, 28 U.S.C. § 2255, was affirmed in effect by the Supreme Court. Thus, the Seventh Circuit opinion in *Lindh v. Murphy, supra,* is a holding there is one year after the effective date of the Act for all persons who are state convicted prisoners to file a Federal Petition for a Writ of Habeas Corpus. The Circuit opinion remains viable following the Supreme Court opinion on the limitations reasonable time.

In *Drinkard v. Johnson,* 97 F.3d 751 (5th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997), some provisions of the AEDPA were being considered as to whether they should be applied retroactively or not. In determining if the new standards of review contained in 28 U.S.C. § 2254(d)(1) would apply to the situation in *Drinkard v. Johnson,* at 765, by way of a footnote the Fifth Circuit cited with approval the Seventh Circuit opinion in *Lindh v. Murphy, supra.*

Of recent date the Fifth Circuit decided *Moore v. Johnson,* 101 F.3d 1069 (5th Cir.), *pet. for cert. filed* (1996). Once again, the same issue was before the Court and *Drinkard v. Johnson, supra,* was cited with approval. Thus, the cases indicate the Fifth Circuit would follow the lead of the Circuit opinion in *Lindh v. Murphy, supra,* as applied to the limitations period.

While not directly in point, the case of *St. Louis v. Texas Worker's Compensation Commission,* 65 F.3d 43 (5th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2563, 135 L.Ed.2d 1080 (1996), is of parallel interest. The plaintiff had filed a charge for discrimination for his termination from his job. He filed the charge on July 8, 1991, with the Texas Commission on Human Rights and the Federal Equal Employment Opportunity Commission. At that date there was a two year Statute of Limitations in place, meaning he had two years from July 8, 1991, in which to file a lawsuit. Then on November 21, 1991, the controlling Act was amended. It eliminated the two year limit and permitted the filing of a lawsuit sixty days after filing with the EEOC, or ninety days after receipt of notice the EEOC had completed its action, and was issuing a right to sue letter. He was advised on July 17, 1992, when a right to sue letter was issued that he should comply with *both* the two year Statute of Limitations, *and* the ninety day provision, and file his lawsuit on the date which was the earliest. St. Louis did not follow that advice. He waited until it had been two years from the initial filing with the EEOC. This date was over ninety days after issuance of the right to sue letter. The Court was addressing the issue of whether this new limitations period applied to the plaintiff's suit, which was filed after the effective date of the November Amendments, but alleged discriminatory acts occurring before the effective date. The Court held, 65 F.3d at 46, the ninety days limitations applied to his claim. Thus, in

effect the Court held he should have filed his claim within ninety days after receiving the right to sue letter. It must be kept in mind he was not given just ninety days from November 1991, the enactment of the Amendment, but ninety days from the letter which brought his right to sue to maturity. Thus, he had ninety days from the letter, and the full benefit of the new limitations period. Applying the same reasoning to the AEDPA, then each person would have at least one year from April 24, 1996, if not already filed, in which to file a Petition for a Writ of Habeas Corpus, assuming there were no tolling provisions in place. Thus, any Petition which is filed on or before April 23, 1997, pursuant to *Lindh v. Murphy,* with its approval in the opinion by *Drinkard v. Johnson, supra,* would be filed within the limitation time limits.

Almost directly in point is *Hanner v. Mississippi,* 833 F.2d 55 (5th Cir.1987). This was a case involved with the limitations period imposed on Civil Rights cases under 42 U.S.C. § 1983 as determined by *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The Civil Rights Act has no Statute of Limitations and the Federal Courts had routinely selected and applied a limitation periods from the State Statutes of the state wherein the claim arose. In Mississippi the Federal Courts had been applying a six-year Mississippi Statute of Limitations. After *Wilson v. Garcia, id.,* they were required instead to apply a one-year Statute of Limitations. In *Hanner v. Mississippi, supra,* the Fifth Circuit stated, *supra,* at 56, the cases instructed in Civil Rights claims a cause of action which had accrued before any change in the law had been indicated, would have to be afforded *a reasonable time* within which to bring their claim before they could be barred as untimely under limitations. The Court cited *Wilson v. Iseminger,* 185 U.S. 55, 61–63, 22 S.Ct. 573, 575, 46 L.Ed. 804 (1902), which holds limitations passed by the Legislature must allow a reasonable time after they take effect for the commencement of suits upon existing causes of actions. It should be noted in the case at bar we are dealing with a Legislative Act. The Court in *Hanner* determined a Civil Rights action would have to be filed within six-years from its accrual date or one-year from the date of *Wilson v. Garcia, supra,* decision whichever was the earlier of the two. The Court selected the decision date of *Wilson v. Garcia, supra,* which was April 17, 1985, and gave one-year from that date before an action would be time barred. This is precisely the *Lindh v. Murphy, supra,* Circuit opinion time frame selection. Thus, it is clear the Fifth Circuit is already in line with the thinking of granting one-year from the effective date of the ADEPA.

I, therefore, recommend the Respondent's Motion to Dismiss be denied and overruled.

I, further recommend an Order be entered granting the Respondent twenty (20) days after the date of the receipt of the Court's Order in which to file an Answer to the original Petition for a Writ of Habeas Corpus.

Any party aggrieved by this ruling may appeal to the United States District Judge assigned to this case, Miscellaneous Order No. 6, Rule 4 Review and Appeal, (b)(1) Appeal of Non–Dispositive Matters—28 U.S.C. § 636(b)(1)(A), of the United States District Court for the Northern District of Texas. To obtain such review, specific objections must be filed within ten (10) days after receipt of this Order, pursuant to 28 U.S.C. § 636(b)(1)(A), and Rules 6(a) and 72(a), Federal Rules of Civil Procedure.

July 18, 1997.