McCAIN, Justice.
Petitioner seeks conflict certiorari to the Second District Court of Appeal’s decision reported at 238 So.2d 701, which “Per Curiam Affirmed” an order of the *891 County Judge’s Court for Pinellas County adjudicating the petitioner incompetent. Conflict has been demonstrated and we have jurisdiction. In re Guardianship of Swain, 199 So.2d 736, (Fla.App. 1st, 1967).
The salient events pertinent to this cause are: Petitioner was served on September 19, with notice of an incompetency hearing scheduled for September 24, to be held in the County Judge’s chambers; the hearing was held on the scheduled date but in the psychiatric ward in one of the local hospitals; the proceedings at the hearing were not reported; no witnesses were present and none testified; petitioner was not represented by counsel; the adjudication of incompetency was based upon the judge’s observations, the initial affidavit of petitioner’s mother regarding her incompetency and the unsworn written report of an examining committee; and, finally, the order of incompetency also determined the petitioner to be indigent and insolvent.
In addition to the serious questions raised concerning adequate notice of hearing, opportunity to present evidence and testimony, due process and sufficiency of the evidence, this case must also fall because of a violation of that portion of Fla.Stat. § 394.22(4), F.S.A., reading:
“An opportunity to be represented by counsel shall be afforded to every proposed patient, and if neither he nor others provide counsel, the court may appoint counsel.”
 On the issue of legal representation, the record establishes that the notice of hearing stated, “ * * * you may be heard, either in person or by counsel Counsel for petitioner, if any, was not present and the record fails to disclose whether, in fact, she had representation. More importantly, the record is silent on whether the court even considered appointing counsel, a factor which the statute clearly contemplates. Certainly, the statute is not mandatory, and is permissive only, however, implicit from the wording of the statute is the admonition that in the absence of counsel the court must determine whether representation should be afforded, a circumstance which cannot be garnered from a silent record on this point. If the court had considered this issue and determined that counsel was not required, it would have been a simple matter to set forth such finding. No attempt was made to satisfy this criterion, and herein lies the essential error.
For this reason, certiorari is granted, the decision of the District Court of Appeal is quashed and this cause is remanded to it with instructions to reverse the order of incompetency of the County Judge’s Court, without prejudice to that court to process and conduct a proper hearing on the issue of the petitioner’s competency.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD and DEKLE, JJ., concur.