263 So.2d 237 (1972)
DORR-OLIVER, INC., a Delaware Corporation, Appellant,
v.
LINDER INDUSTRIAL MACHINERY COMPANY et al., Appellees.
No. 72-116.
District Court of Appeal of Florida, Third District.
May 23, 1972.
Rehearing Denied July 5, 1972.
*238 Blackwell, Walker & Gray, and James E. Tribble, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant, Beckham & McAliley, Dixon, Dixon, Lane & Mitchell, Miami, for appellees.
Before PEARSON and CHARLES CARROLL, JJ., and NATHAN, RAYMOND G., Associate Judge.
NATHAN, RAYMOND G., Associate Judge.
This is an interlocutory appeal by appellant, Dorr-Oliver, Inc., defendant and third party plaintiff below, to review an order of the circuit court granting the motion of the third party defendant, Linder Industrial Machinery Co., to dismiss without prejudice appellant's third party complaint against the appellee Linder and dismissing the third party complaint. The salient facts in this case are undisputed.
In 1969, the initial plaintiff, Ronnie Hancock, a resident of Polk County sued the appellant, Dorr-Oliver, a Delaware corporation in the circuit court, in and for Dade County, Florida, for personal injuries he sustained while employed and working as a conveyor man on alleged defective equipment sold to plaintiff Hancock's employer, the U.S. Phosphoric Company. Appellant filed its Answer on April 21, 1969. In October, 1969, Appellee filed its Motion for Change of Venue which was denied on November 13, 1969. On October 26, 1971, the Appellant Dorr-Oliver was permitted to file its Third Party Complaint against Third Party Defendant Linder, and the Cities Service Company on the basis that the machinery in question was in fact designed by Appellee Linder and if Appellant Dorr-Oliver was liable, Appellee Linder would be liable over to Appellant Dorr-Oliver. On *239 November 12, 1971, Appellee Linder filed its Motion to Dismiss the Appellant's Third Party Complaint on the sole ground of improper venue. The supporting uncontradicted affidavits alleged that its home and main office was in Lakeland, Florida, and all transactions with Appellant, Dorr-Oliver, took place in Lakeland, Florida, or Fort Mead, Florida. It is clear therefrom, and both parties agree, that Appellant Dorr-Oliver cannot bring a direct suit against Appellee Linder in Dade County. On January 3, 1972, such Motion to Dismiss was granted which is the subject matter of this appeal.
It appears that the question of the application of the general venue statutes under Rule 1.180 F.R.C.P. 30 F.S.A., is one of first impression in this State. The Federal Courts under its comparable Rule 14 has considered and dealt with this matter at such length that there is a considerable split of authority in connection therewith. Florida will look to such Federal decisions to determine the proper construction and application of Rule 1.180 F.R.C.P. See Savage v. Rowell Distributing Corp., Fla. 1957, 95 So.2d 415; McKean v. Kloeppel Hotels, Inc., Fla.App. 1st 1965, 171 So.2d 552; Delta Rent-A-Car, Inc. v. Rihl, Fla.App. 4th 1969, 218 So.2d 467.
One view holds that in third party proceedings, the venue requirements of an independent action apply and the venue will not be extended or limited in such third party proceedings. Thus applying this rule, if a third party defendant is brought into a proceeding against whom such an original proceeding could not be maintained in a county due to lack of venue, the third party proceedings could not be maintained. See King v. Shepherd, 26 F. Supp. 357 (DC Ark. 1938); Lewis v. United Air Lines Transport Corp., 29 F. Supp. 112 (DC Conn. 1939); Tullgren v. Jasper, 27 F. Supp. 413 (DC Md. 1939); State ex rel. Carney v. Higgins, 352 S.W.2d 35 (Mo. 1961); and Memphis Bank & Trust Co. v. West, 260 S.W.2d 866 (Mo. App. 1953).
Another view which appears to be the majority rule in most federal cases is that the third party proceedings growing out of the same subject matter as in the principal action and with many of the same facts, are ancillary to the principal action and an independent test for venue is not necessary. In Morrell v. United Air Lines, 29 F. Supp. 757 (DC N.Y. 1939), it was held that in third party proceedings the venue requirement of an independent action need not be applied because these actions fall within the ancillary jurisdiction of the federal courts and that the spirit and purpose of Rule 14 would be frustrated if the venue statutes had to be applied.
A variation of the majority rule holds the granting or denial of leave to a Defendant to prosecute a third party proceeding under Rule 14 rests in the sound discretion of the trial court and some cases have held that leave to bring in a third party should not be denied on the ground of venue without a showing of great inconvenience. See United States v. Acord, 209 F.2d 709 (CA10 1954), cert. denied 347 U.S. 975, 74 S.Ct. 786; 98 L.Ed. 1115; Gore v. United States, 171 F. Supp. 136 (DC Mass. 1959).
With our mobile society and present day transportation and communication facilities, boundaries by way of county lines do not necessarily denote convenience or hardship. Common sense and logic dictates that a sound application of the above decisions is that where third party proceedings growing out of the same subject matter and presenting similar factual situations as the principal action, an independent test of venue under the general venue statutes is not necessary. It thus follows a fortiori that the granting or denial of leave to prosecute a third party proceeding should be in the sound discretion of the trial court and leave to bring in third parties should not be denied without showing *240 of great inconvenience. Applying this rule to the instant case we hold that the venue asserted by Appellee Linder was not as a matter of right, but one within the sound discretion of the trial judge and from the record and facts in this case there appears to be no abuse of such discretion in the dismissal of the Appellant's Third Party Complaint.
Affirmed.