SCHEB, Judge.
In this appeal we consider whether venue of a third party complaint lies in the county where the principal action is pending, despite the fact that venue for the third party action, if brought independently, would lie in another county. We conclude that absent a showing of great inconvenience to the third party defendant, venue is proper where the principal action is pending.
The principal litigation involved a suit in Sarasota County by a condominium association against the owner-developer of the realty, and Gulf Contracting which built the condominium. The suit sought damages for alleged defects in construction of the building. Gulf Contracting brought in several of its sub-contractors, including Keller, as third party defendants. The contractor contended that Keller used unsuitable materials and installed the windows in an un-workmanlike manner. Keller, as third party defendant, in turn, filed what it styled as a “Fourth Party Complaint,” [1] seeking indemnity from its supplier Pan American, a corporation with its principal place of business in Dade County. Appellant Keller charged Pan American with negligent de *729 sign and breach of implied warranty in respect to the windows it furnished for installation in the condominium. •
Appellee Pan American moved to dismiss on grounds that the fourth party complaint failed to allege a cause of action against it, and further, that venue against Pan American was improperly laid in Sarasota County. The trial judge dismissed without leave to amend, but did not set forth the reason for his ruling. Our review of Keller’s complaint convinces us it states a cause of action for indemnity against the supplier, Pan American. See Fla.R.Civ.P. 1.180. We conclude the trial court’s unstated basis for denial must have been on the question of venue. This conclusion is buttressed by the fact that the trial court did not grant leave to amend.
The three views as to venue requirements in third party actions are summarized in Dorr-Oliver, Inc. v. Linder Industrial Machinery Co., 263 So.2d 287 (Fla. 3d DCA 1972). Under the first view the venue requirement of an independent action applies, i. e., venue must be established for third party claims just as if they are brought independently. The second view holds that a third party proceeding growing out of the same subject matter is ancillary to the original action, and therefore, an independent test of the third party claim for venue is not necessary. Under the third view, venue in a third party action is ordinarily ancillary to the principal litigation, but the granting or denial of leave to prosecute is within the sound discretion of the trial court.
The Third District Court of Appeal adopted this third view in Dorr-Oliver. We agree with our sister court.
Although the independent test of the first view creates certainty and definiteness, it does not achieve the laudable objective of avoiding multiple actions. Whenever possible the subject matter of litigation should be determined in one lawsuit. The Third District in Central Truck Lines, Inc. v. White Motor Corp., 316 So.2d 579, 580 (Fla. 3d DCA 1975), stated the philosophy of third party practice when it said:
The general purpose of third party practice is to avoid two actions which should be tried together in order to save the time and expense involved in duplication of evidence, to obtain consistent results from identical or similar evidence and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third party defendant. 3 Moore’s Federal Practice, Third Party Practice § 14.04. Also see Authors’ Comment to Rule 1.180, RCP.
Yet, to always consider venue as ancillary to the principal suit as required by the second view would remove from the trial judge needed flexibility. There are times when manifest inconvenience would likely result from requiring a party to litigate at the place of the principal action, and the trial court should have some latitude to control venue in such cases.
We think the third view is both sound and workable. Under this approach the trial judge still retains discretion to govern the litigation. However, as stated in Dorr-Oliver, the trial court should not deny third parties the right to bring actions at the venue of the original proceedings unless the party seeking abatement shows that great inconvenience would result.
Here there was no showing of any inconvenience by Pan American, and inconvenience will not be presumed. We hold, therefore, the trial judge abused his discretion in dismissing the fourth party complaint by Keller.
Accordingly, Keller’s complaint is reinstated and this cause is reversed for further proceedings consistent with this opinion.
BOARDMAN, C. J., and McNULTY, J., concur.

. Though the complaint is styled a “Fourth Party Complaint,” we feel it is in essence a third party complaint and treat it as such. However, it will be referred to as a fourth party complaint to avoid confusion with the other third party complaint.