348 So.2d 49 (1977)
METROPOLITAN DADE COUNTY, etc., et al., Appellants,
v.
Amelia KELLY et al., Appellees.
No. FF-352.
District Court of Appeal of Florida, First District.
June 30, 1977.
Rehearing Denied August 8, 1977.
John E. Finney, Miami, for appellants.
J. Richard Moore, Corrigan, Werber & Moore, Charles Cook Howell, III, Howell, Howell, Liles & Braddock, Jacksonville, for appellees.
BOYER, Chief Judge.
The trial court denied appellants' motion to dismiss, and appellants filed a timely notice of interlocutory appeal. Two issues are presented: Improper venue, raised by appellant Metropolitan Dade County, and whether the complaint fails to state a cause of action, raised by appellant Pena.
The accident giving rise to this appeal occurred on February 3, 1975, when appellee Amelia Kelly was injured while a passenger in an automobile being operated by appellee Robert Hulsey who had rented the vehicle from appellee Avis Rent-A-Car. The Hulsey-driven auto collided with a bus owned by appellant Dade County and operated by appellant Pena, a county employee. Mrs. Kelly and her husband sued Hulsey, Avis, and Hulsey's insurance carrier, appellee American and Foreign Insurance Company. The original defendants filed a third party complaint against appellants for contribution.
The venue issue is atypical. Generally, the State of Florida as well as its agencies and subdivisions has a right to be sued in the county where its headquarters are located. Appellees acknowledge the general rule, but assert that different considerations are involved when the State or one of its subdivisions is not a party to the original action. Given the facts that venue in Duval County is proper as to the principal action *50 and appellant Dade County is merely a third-party defendant in a proceeding ancillary to the principal action, appellees assert that the governmental venue privilege should not apply. The Federal authorities tend to support appellees' position. Wright on Federal Courts, § 76; 3 Moore, Federal Practice, § 14.28(2), Odette v. Shearson, Hammill and Co., 394 F. Supp. 946 (S.D.N.Y. 1975); see also Dorr-Oliver, Inc. v. Linder Industrial Machinery Company, 263 So.2d 237 (Fla. 3d DCA 1972).
Notwithstanding the inherent force of appellees' position, we feel compelled to reach a contrary result. In Amelia Island Mosquito Control District v. Tyson, 150 So.2d 246 (Fla. 1st DCA 1963), the original defendant in a negligence case brought in the Control District as a cross-defendant. After recognizing the split of authority as to whether the District's general venue privilege applied to a proceeding ancillary to the original action, this Court held that the District could claim its venue privilege. Similarly, in City of Bradenton v. Finley, 208 So.2d 675 (Fla. 3d DCA 1968), the Court held that the City, a third party defendant, was entitled to invoke its common law right to be sued only in the county where it is located. Similarly, in the case sub judice, appellant Dade County's motion to dismiss on the basis of improper venue should have been granted, or the case should have been transferred to the proper venue.
Appellant Pena, in arguing that the complaint failed to state a cause of action as to him, relies upon § 768.28(9), Florida Statutes (1975) which provides:
"No officer, employee, or agent of the state or its subdivisions shall be held personally liable in tort for any injury or damages suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith with malicious purpose or in a manner exhibiting wanton and wilful disregard of human rights, safety or property."
Since appellees do not claim that Pena acted in bad faith, Pena's motion to dismiss should have been granted. Although the issue raised by Pena is not included in one of the enumerated categories of Fla.App. Rule 4.2, we find it proper to dispose of the issue in the interest of judicial economy and accordingly treat that part of the interlocutory appeal as a petition for common law certiorari.
REVERSED.
RAWLS and McCORD, JJ., concur.