355 So.2d 1195 (1978)
In re the GUARDIANSHIP OF Robert R. PAUNACK.
No. 50819.
Supreme Court of Florida.
January 12, 1978.
Rehearing Denied April 5, 1978.
Joseph C. Rubel, of Metzger, Viviano, Winn & Rubel, Pensacola, for petitioner.
Donald H. Partington, of Clark, Partington, Hart & Hart, Pensacola, for respondent.
HATCHETT, Justice.
In this case we must decide whether, in an involuntary hospitalization proceeding where competency is to be determined, the *1196 trial judge must specifically find whether or not the alleged incompetent is represented by counsel and whether or not counsel should be afforded. The First District Court of Appeal answered this question in the negative. In Re: The Guardianship of Paunack, 339 So.2d 710 (Fla. 1st DCA 1976). We reverse.
On January 8, 1974, at a hearing for involuntary hospitalization, petitioner, a 91 year old man, was adjudged incompetent. Thereafter, the Citizen and Peoples National Bank of Pensacola was appointed guardian of his property and his granddaughter was appointed guardian of his person. On June 2, 1976, Mr. Paunack filed a petition to invalidate the adjudication and to remove his court appointed guardians alleging, inter alia, that the order of incompetency failed to state whether or not he was represented by counsel and whether or not counsel was necessary. Petition was denied, and on appeal the First District Court affirmed. In Re: The Guardianship of Paunack, supra.
Conflict is asserted with In Re: Hnat, 250 So.2d 890 (Fla. 1971). In that case, this Court, considering Section 394.22(4), Florida Statutes (1971)[1] (now repealed), held that in the absence of counsel for the alleged incompetent, a court must inquire into and expressly determine whether representation is necessary. Failure to do so vitiates the incompetency order and requires a new hearing. We stated:
... implicit from the wording of the statute is the admonition that in the absence of counsel the court must determine whether representation should be afforded, a circumstance which cannot be garnered from a silent record on this point ... (at page 891)
Although the pertinent part of the statute considered in Hnat was modified between the time of the decision in that case and the decision here under review, the language in the new statute[2] is stricter, making the judge's duty as to representation mandatory rather than permissive, and does not, therefore, affect the viability of In Re: Hnat, supra. We have jurisdiction, Article V, Section 3(b)(3), Florida Constitution.
Section 394.467(3)(a), Florida Statutes (1973), the statute under which petitioner was found incompetent provides:
... The judge may adjudicate a person incompetent pursuant to the provisions of this act, at the hearing on hospitalization... . (emphasis added)
That section was enacted as a part of Chapter 71-131, Laws of Florida, popularly known as the Baker Act. Section 12 of the Act (amending Section 744.31, Florida Statutes (1971)) specifically prescribes the procedure to be followed in an adjudication of incompetency and provides in pertinent part:
No guardian of the person or of the property or both, of a person alleged to be mentally or physically incompetent shall be appointed until after such person has been adjudicated to be incompetent in proceedings instituted for that purpose, as follows:
(4) ... an opportunity to be represented by counsel shall be afforded to every alleged incompetent, and if he cannot afford an attorney, the court shall appoint one.
The Legislature had reference to Chapter 71-131, Laws of Florida, specifically Section 12 thereof, when, in Section 9 of the same act, it referred to the adjudication of incompetency "pursuant to the provisions of this act." It is evident that the legislature intended the due process safeguards laid down in Section 12 to be applicable in a *1197 Section 9 proceeding wherein competency is to be determined.
The reasoning and law expressed in In Re: Hnat, supra, are equally applicable under the old and the new statute. In order to protect the rights afforded to the alleged incompetent by the Legislature, a trial judge must specifically find whether or not the alleged incompetent is represented by counsel in any hearing where incompetency is to be determined, and whether or not counsel should be afforded. Failure to make such a finding constitutes reversible error.
Accordingly, the decision of the First District Court of Appeal is quashed and the cause remanded with instructions to reverse the order denying the petition to invalidate the incompetency order.
It is so ordered.
ADKINS, BOYD, SUNDBERG and KARL, JJ., concur.
OVERTON, C.J., dissents.
NOTES
[1] Section 394.22(4), Florida Statutes (1971), provided: "... an opportunity to be represented by counsel shall be afforded to every proposed patient, and if neither he nor others provide counsel, the court may appoint counsel."
[2] Section 744.31(4), Florida Statutes (1973), as amended by Chapter 71-131, Laws of Florida, which was applicable at the time of the incompetency order of Mr. Paunack, provides: "... an opportunity to be represented by counsel shall be afforded to every alleged incompetent, and if he cannot afford an attorney, the court shall appoint one. (emphasis added)