355 So.2d 133 (1978)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
SAN MARCO CONTRACTING CO., Appellee.
No. HH-472.
District Court of Appeal of Florida, First District.
January 26, 1978.
Rehearing Denied March 7, 1978.
*134 H. Reynolds Sampson, Gen. Counsel and Margaret-Ray Kemper and Larry K. White, Tallahassee, for appellant.
Frank D. Upchurch, Jr., of Upchurch & Upchurch, St. Augustine and A.G. Condon, Jr., of Holsberry, Emmanuel, Sheppard & Condon, Pensacola, for appellee.
SMITH, Acting Chief Judge.
The Department of Transportation appeals from an interlocutory order of the Escambia County Circuit Court denying DOT's motion for change of venue on appellee San Marco's third party complaint against DOT for indemnity. Fla.R.App.P. 4.2. San Marco, prime contractor on a DOT job in Walton County, was sued by appellee Noonan, a subcontractor, for damages allegedly sustained by Noonan because San Marco improperly delayed the work. San Marco denies liability to Noonan but alleges in its third party complaint for indemnity that any delay was caused by DOT, which allegedly imposed erosion and pollution control requirements beyond those specified in the contract. The trial court sustained Noonan's choice of venue of the main action in Escambia, over San Marco's objection, because San Marco was considered as having an obligation to satisfy any liability to Noonan in Noonan's home county, Escambia. This interlocutory appeal presents no issue concerning the trial court's venue order on Noonan's claim.
The issue is whether San Marco's indemnity claim against DOT may be asserted, over DOT's venue objection, in Noonan's Escambia County action against San Marco. Section 337.19(1), Florida Statutes (1975), provides that actions may be maintained against DOT "on any claim under contract for work done ... ." and Section 337.19(3) provides that suit may be brought "in the county or counties where the cause of action accrued or in Leon County." DOT urges that San Marco's cause of action for indemnity cannot have arisen in Escambia County because no part of the work contracted for was to have been performed in Escambia County and because, if DOT becomes obliged to indemnify San Marco on account of its potential liability and loss to Noonan, DOT would be obligated to pay San Marco in the county of San Marco's residence, St. Johns, and not in Escambia.
It is commonly understood that, for venue purposes, a cause of action accrues where the injury or default occurs, and that a default on a contract for the payment of money occurs where the money was to have been paid or, if no place of payment is specified, where the creditor resides. E.g., Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934); Baruch v. W.B. Haggerty, Inc., 137 Fla. 799, 188 So. 797 (1939). On that premise DOT insists that, irrespective of the merits of Noonan's claim against San Marco, DOT will never have an obligation to pay indemnity in Escambia County to a St. Johns County resident under a construction contract performed wholly in Walton County. Indemnity arises from contract, it is argued, and as in other contract cases the place of payment establishes where the cause of action accrues. Sentry Indemnity Co. v. Angel & Son, Inc., 332 So.2d 83 (Fla. 4th DCA 1976). See also Duggan v. Tomlinson, 174 So.2d 393 (Fla. 1965), to the effect that an action on an implied contract for the payment of money may be maintained in the county of plaintiff's residence.
When one party sues another on account of a matured and unfulfilled obligation arising by express or implied contract for the payment of money, the principles relied on by DOT are of practical value in meeting the necessity for laying venue someplace having a nexus to the unfulfilled obligation. But here, where DOT's asserted obligation is neither matured nor unfulfilled and is characterized as contractual only for convenience, those principles have *135 an alien sound. If San Marco successfully defends against Noonan's claim in Escambia County, the question of DOT's indemnity obligation will never arise. If following a judgment for Noonan it is found that DOT must indemnify San Marco, that obligation may be grounded not strictly on contract terms but on "operation of law" which, for the benefit of one secondarily liable to an injured party, imposes indemnity liability on another who is primarily liable. Mims Crane Service, Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla. 2d DCA 1969), cert. denied, 234 So.2d 122 (Fla. 1969); Chappel v. Scarborough, 224 So.2d 791 (Fla. 1st DCA 1969); Stuart v. Hertz Corp., 302 So.2d 187 (Fla. 4th DCA 1974).
For the convenient disposition of contingent third party claims, and to avoid multiple actions, Rule 1.180, Fla.R.Civ.P., permits the defendant to join a third party "who is or may be liable to [defendant] for all or part of the plaintiff's claim against him." Rule 1.180 rationalizes that defendant's immature claim against the third party has been "accelerated," Mims, 226 So.2d at 842, and disregards at the pleading stage the circumstance that a third party defendant has no present obligation to deliver an indemnity check to defendant.
Other courts have held that an ancillary third party claim, such as San Marco's against DOT, may in the trial court's discretion be maintained with the principal action in a county where it is properly pending, regardless of venue privileges available to the third party defendant in an independent action by the third party plaintiff. Dorr-Oliver, Inc. v. Linder Industrial Machinery Co., 263 So.2d 237 (Fla. 3d DCA 1972); Keller Building Prod. of Sarasota, Inc. v. Pan American Aluminum Corp., 347 So.2d 728 (Fla. 2d DCA 1977); Mosby & Russell Engineering Assoc., Inc. v. Hudson Co. of Florida, 299 So.2d 53 (Fla. 4th DCA 1974). This court, considering the issue in Metropolitan Dade County v. Kelly, 348 So.2d 49 (Fla. 1st DCA 1977), held otherwise and sustained a county's venue privilege to be sued at home notwithstanding that the third party claim against the county was ancillary to the main action properly maintained elsewhere. Our Kelly decision followed the general rule that a subdivision or agency of the state has a right to be sued in the county where its headquarters are located irrespective of where the cause of action against it arises. See also, Amelia Island Mosquito Control Dist. v. Tyson, 150 So.2d 246 (Fla. 1st DCA 1963); Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362 (Fla. 1977), reh. pending.
This case is different from Kelly in that the legislature has in part waived DOT's privilege to be sued at home. DOT may be sued "in the county or counties where the cause of action accrued." § 337.19(3), Fla. Stat. (1975). When as here the legislature has waived a government agency's common law privilege to be sued at its headquarters, requiring DOT to defend claims wherever in Florida they may arise, we conceive that the spirit of Rule 1.180 requires DOT to defend, absent manifest inconvenience, wherever in Florida a third party claim may properly arise. The prospect that a judgment may be entered against a third party plaintiff in the forum county underlies the indemnity claim and is a sufficient nexus to the cause of action against DOT to sustain venue there. But because venue could not be laid in Escambia County in an independent action by San Marco against DOT, the trial court may dismiss or transfer the third party claim if defense in Escambia County would be greatly inconvenient to DOT. Keller, 347 So.2d at 729; Dorr-Oliver, 263 So.2d at 239.
We consider that we have not overruled our recent decision in Kelly, but that we have declined to enlarge its holding for the benefit of a state agency which is not privileged to be sued exclusively at its headquarters. In further proceedings DOT may demonstrate to the trial court any great inconvenience of defending in Escambia County which may require dismissal or transfer to another county.
AFFIRMED.
ERVIN and BOOTH, JJ., concur.