DOWNEY, Chief Judge.
This interlocutory appeal was perfected to review an order denying a motion for change of venue filed by a third party defendant, which was also a defendant in the main case.
The following recitation of the factual situation is substantially taken from the brief of appellee, Nucor Corporation:
“Plaintiff in this action, DONALD L. BROWN, claims injuries sustained in an accident on a construction site in Hillsbor-ough County, Florida on or about July 30, 1975. BROWN and his wife filed a Complaint against NUCOR CORPORATION, a foreign corporation authorized to do business in the State of Florida, and VUL-CRAFT CORPORATION, a division of NU-COR CORPORATION (hereafter referred to as “NUCOR”), alleging that Brown was injured due to negligence on the part of NUCOR in the prefabrication of structural steel used on the construction project. Plaintiffs, residents of Orange County, Florida, filed suit in the Circuit Court in and for Orange County on April 22, 1976. Defendants filed their Answer on September 16, 1977 denying each and every allegation of the Complaint and affirmatively alleging Plaintiff was negligent in his conduct, thereby contributing to his accident and injuries.
“On March 24, 1978, with leave of court, Defendants filed and served a Third Party Complaint against ORANGE COUNTY STEEL, INC. (Plaintiff’s employer), STRUCTURAL STEEL OF FLORIDA, INC. (a subcontractor on the project), VAN-CO, INC. (the general contractor) and STOWERS EQUIPMENT RENTAL CO. (supplier of the crane and operator involved in the accident). This pleading alleged that the four Third Party Defendants were Florida corporations doing business within this state and that NUCOR was entitled to recovery against each based upon legal theories of indemnity and contribution. On *1249 April 18, 1978, Plaintiffs filed an Amended Complaint naming STOWERS EQUIPMENT RENTAL CO. as an additional defendant and alleging that STOWERS contributed to Plaintiff’s injuries by negligently operating its crane.
“On May 11, 1978 STOWERS simultaneously filed and served a Motion for Change of Venue,[1] Motion to Dismiss the Third Party Complaint, and Answer, Affirmative Defenses and Cross-claims against the other Third Party Defendants.
“After consideration of both oral arguments and written briefs, the Motion for Change of Venue was denied by Order dated August 30, 1978 from which STOWERS has taken this Interlocutory Appeal.”
We perceive two questions involved in this appeal. The first question is whether a third party defendant has standing to raise the venue privilege afforded defendants by Chapter 47 of the Florida Statutes. Secondly, when a third party defendant is subsequently named as a primary defendant by the plaintiff in an amended complaint is he thereby entitled to assert the venue privilege accorded to all other primary defendants?
The first question has been treated in three Florida cases [2] and a host of Federal eases.[3] As a result of numerous cases decided under Federal Rule 14, from which Florida Rule of Civil Procedure 1.180 was derived, three views have evolved regarding the right of a third party defendant to assert the statutory venue privilege afforded defendants: 1) a third party defendant may assert the venue privilege to be sued elsewhere just as though the third party claim were an independent action; 2) the third party defendant may not assert the venue privilege because the third party proceeding emanated from the same subject matter as the original claim and is therefore ancillary to the original action; 3) third party claim is ordinarily ancillary to the original action and thus the venue of said claim is controlled thereby, but the granting or denial of the right to proceed in a different venue is within the sound discretion of the trial court.[4]
One of the Florida cases, City of Braden-ton, supra note 2, seems to espouse the first view holding that a third party defendant can assert the privilege, without discussing any possible variations in the rule. The other two cases, Dorr-Oliver, Inc., and Keller Building Products, supra note 2, seem to follow the third view. However, each of those cases contained the admonition that the privilege should not be extended to third party defendant unless he could show great inconvenience. As the court said in the Keller case, supra :
“We think the third view is both sound and workable. Under this approach the trial judge still retains discretion to govern the litigation. However, as stated in Dorr-Oliver, the trial court should not deny third parties the right to bring actions at the venue of the original proceedings unless the party seeking abatement shows that great inconvenience would result.” 347 So.2d at 729.
With emphasis upon that admonition, we would align ourselves with the Florida and Federal cases which approve the third view involving the court’s discretion. Having done so, that would ordinarily conclude our inquiry resulting in an affirmance of the trial court’s order. However, the second question previously mentioned causes us some problem.
The appellant is not simply a third party defendant. After it had been brought into the litigation in response to *1250 the third party complaint the original plaintiff, Brown, filed an amended complaint and named appellant as a defendant in the original or main action. One might argue that this elevates appellant to the status of an “original defendant” as to whom the venue statutes unquestionably apply. Fortunately, that issue has been treated by a few of the federal courts and by Wright & Miller in their work on Federal Practice & Procedure. In Volume 6 of that work at page 243 the author addresses this procedural problem:
“If plaintiff exercises the right given him by Rule 14(a) to assert a claim against the third-party defendant, the generally accepted view is that independent jurisdictional grounds are necessary. It might be argued that if the claim must be independent for jurisdictional purposes, it also should be regarded as independent for venue purposes. This analogy is a faulty one, however. Inasmuch as the third-party defendant already is participating in the lawsuit because of the third-party claim, there is no added inconvenience in requiring him to defend an additional claim in the same forum, especially one that arises from the same transaction; thus, venue over a claim by plaintiff against the third-party defendant should be held to be ancillary if the court has subject matter and personal jurisdiction over it.”
See also: Abramovitch v. United States Lines, 174 F.Supp. 587 (S.D.N.Y.1959); Thompson v. United Artists Theatre Circuit, Inc., 43 F.R.D. 339 (S.D.N.Y.1967). The situation envisioned in the foregoing excerpt is identical to the one presented here. After the defendant became a party to the litigation via third party practice, the original plaintiff amended his complaint and thus made the third party defendant a primary defendant in the original plaintiff’s amended complaint. We find merit in the conclusion that under those circumstances, the defendant, already participating in the lawsuit, is put to no additional inconvenience to defend the main claim asserted by the original plaintiff.
In view of the foregoing we find the trial court ruled correctly in denying appellant’s motion for change of venue since appellant made no attempt to show anything like the serious inconvenience necessary to justify the trial court in the exercise of its sound discretion granting a change in venue.
AFFIRMED.
CROSS and ANSTEAD, JJ., concur.

. Stowers alleged its principal place of business was in Hillsborough County and that it had no office in Orange County.

. Keller Building Products of Sarasota, Inc. v. Pan American Aluminum Corp., 347 So.2d 728 (Fla. 2nd DCA 1977); Dorr-Oliver, Inc. v. Linder Industrial Machinery Company, 263 So.2d 237 (Fla. 3rd DCA 1972); City of Bradenton v. Finley, 208 So.2d 675 (Fla. 3rd DCA 1968).

. For a compilation of many of the Federal cases see 6 Wright & Miller, Federal Practice & Procedure § 1445 at 240 et seq. (1971).

. Trawick in his work on Florida Practice & Procedure § 5-13 (6th ed. 1978) criticises the Florida cases which follow this view.