JAMES BRADLEY RUSSELL

*v.*

PINEVIEW REALTY, INC., *a West Virginia Corporation*

(No. 14724)

Decided November 25, 1980.

Kay, Casto & Chaney, John S. Haight and David C. Shepler, for appellant.

Mike V. Magro, Jr., for appellee.

PER CURIAM:

The appellant, James Bradley Russell, instituted this action by filing a complaint in the Circuit Court of Kanawha County alleging that the appellee, his former landlord, had wrongfully refused to return a security deposit. The appellee-landlord moved for a dismissal for lack of venue. The circuit court, by order entered October 1, 1979, granted the motion and dismissed the complaint. The appellant now contends that the Circuit Court of Kanawha County erred in finding that it did not have venue to consider the case. We agree, and we reverse the decision of the circuit court.

On June 30, 1977, the appellant, a resident of Kanawha County, entered into a lease in Monongalia County with the appellee, Pineview Realty, Inc., for premises located in Monongalia County. The lease was for one school year at West Virginia University. The appellee required a $250.00 security deposit which, less certain legitimate charges, was to be returned, at the end of the term, to the appellant at his residence in Charleston, Kanawha County.[1]

After the expiration of the lease the appellee deducted $205.00 from the security deposit and returned only

___

[1] The lease is not in the record before us. The appellant's petition says:

Additionally, the Defendant Below required a security deposit in the amount of $250.00 which, after deducting any legitimate repair or cleaning charges, would be returned to the Plaintiff Below at his residence address in Charleston, West Virginia.

The appellee's brief says: "The statement of the case by appellant is a fair statement of the controlling facts and issues."

$45.00 to the appellant. The appellant, being of the opinion that the deduction was unjustified and wrongful, instituted this action for compensatory and punitive damages in the Circuit Court of Kanawha County.

The issue now presented is whether the Circuit Court of Kanawha County had venue in the case.

In Syllabus Point 3 of *Wetzel County Savings & Loan v. Stern Bros., Inc.*, 156 W. Va. 693, 195 S.E.2d 732 (1973), we said:

> The venue of a cause of action in a case involving breach of contract in West Virginia arises within the county: (1) in which the contract was made, that is, where the duty came into existence; or (2) in which the breach or violation of the duty occurs; or (3) in which the manifestation of the breach — substantial damage occurs.

In the same case we also said that a person who brings an action for breach of contract has the choice of bringing the action in any of the three enumerated localities.

We have recognized that the modern lease for real estate is both a conveyance and a contract, *Teller v. McCoy*, ___ W.Va. ___, 253 S.E.2d 114 (1978). A security deposit clause, such as the one involved in the case before us, involves mutually dependent promises and is contractual in its character in that it involves the payment of money by the lessor in exchange for the promise of return of that money by the lessee upon the happening of certain conditions. *See, Teller v. McCoy, supra;* 3A *Corbin on Contracts* § 686. (1960); 2 R. Powell, *Real Property* § 221[1] (1977); 3 *Thompson on Real Property* § 1110 (1959 replacement).

Syllabus Point 3 of *Wetzel County Savings & Loan v. Stern Bros. Inc., supra,* provides that the venue for a cause of action involving the breach of an agreement arises in the county where the breach occurs. If the appellee breached its agreement with the appellant, it did it when it failed to return the proper portion of the security deposit. The parties' agreement was that that

return was to be made in Kanawha County. Therefore, if the appellee breached its agreement, that breach occurred in Kanawha County, and venue of the action lies in that county under *Wetzel.*

The result in this case would not have been different had the parties not expressly agreed that the security deposit would be returned to the appellant in Kanawha County. As Justice Haden discussed at some length in *Wetzel,* citing numerous West Virginia authorities, this State follows the "to pay" doctrine which imposes a duty on a debtor to seek out his creditor and make payment to him wherever he resides. Under this doctrine a cause of action for a breach of contract to pay money arises in the county in which the creditor resides at the time of the breach. The breach of contract in this case occurred, if it happened at all, when the appellant-tenant, the creditor here, resided in Kanawha County. Accordingly, his cause of action would have arisen in Kanawha County and venue would therefore have been proper in that county.

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is reversed, and the case is remanded for trial.

*Reversed and remanded.*