DOWNEY, Judge.
This is an interlocutory appeal from a non-final order denying appellant’s motion *1031 to dismiss for improper venue. We hold the order appealed from is erroneous and reverse.
Appellee sued appellant in three counts for goods sold and delivered and on an open account. Appellant responded by moving to dismiss for improper venue. The record reflects that appellee is a Maryland corporation and appellant a Florida corporation with offices in Dade County. Appellant neither has an office nor does business in any other county in Florida. Appellant ordered certain goods from appellee during October and November, 1981, for which it received invoices that stated on their faces, “Please send all remittances to Gordon Cartons, Inc., Baltimore, Md. 21230.... ” When payment was not received, the matter was turned over to appellee’s lawyers, whose office is in North Palm Beach, Florida. On March 1,1982, those lawyers wrote appellant advising that they represented appellee and that the office of their firm had been designated as the place of payment of the debt.
This suit was commenced in Palm Beach County. Appellant’s motion to dismiss for improper venue was accompanied by an affidavit stating that appellant’s principal office is in Dade County and that it has no office in Palm Beach County nor does it do business in that county. Finally, the affidavit states that the place of payment of said account was Baltimore, Maryland. In opposition, appellee filed an affidavit of its counsel stating that he sent the aforementioned collection letter to appellant on March 1, 1982.
The controlling venue statute is Section 47.011, Florida Statutes (1981), which provides that action shall be brought only in the county where a) the defendant resides, or b) the cause of action arose, or c) the property in litigation is located. There being no property involved in this litigation, appellant must be sued in the county of its residence, Dade County, or where the cause of action accrued.
The next applicable principle is that a cause of action for breach of contract to pay money accrues where the debt is to be paid; if no place of payment is designated, the debt accrues at the residence of the creditor. State Dept. of Trans, v. San Marco Cont. Co., 355 So.2d 133 (Fla. 1st DCA 1978).
The invoices reflecting the shipment of goods creating the debt in question direct payment to be made at appellee’s residence in Baltimore, Maryland. That eliminates the second prong of three allowed by Section 47.011 for establishing venue. Nor can counsel, through the ingenious method of writing a letter demanding payment at their North Palm Beach law office, create an additional fourth alternative in the statute. On this record we hold that the cause of action accrued in Baltimore, Maryland. Therefore, the appropriate venue for suit in Florida is Dade County.
Accordingly, the order appealed from is reversed and the cause is remanded with directions to transfer the cause to the Circuit Court of Dade County. Gross v. Franklin, 387 So.2d 1046 (Fla. 3rd DCA 1980).
REVERSED AND REMANDED with directions.
HERSEY and HURLEY, JJ., concur.