C. EARL HANNA, Plaintiff-Appellant, *v.* BREESE TRENTON MINING CO. *et al.*, Defendants-Appellees.

First District (1st Division) No. 82—1648

Opinion filed May 9, 1983.

Robert J. Weber, Ltd., of Chicago (Robert J. Weber, of counsel), for appellant.

Musick & Mitchell, P.C., of Mt. Vernon, and Maurice H. Grimes, of Chicago (John J. Flood, of counsel), for appellees.

JUSTICE GOLDBERG delivered the opinion of the court:

C. Earl Hanna (plaintiff) brought this action to recover declared dividends on his stock allegedly wrongfully withheld by Breese Trenton Mining Co. and its officers-directors William D. Eaton and Robert A. Hummert (defendants). The trial court granted defendants' motion for change of venue to Richland County, Illinois. This court allowed plaintiff's motion for interlocutory appeal under Supreme Court Rule 306 (87 Ill. 2d R. 306).

Plaintiff is a resident of Cook County, Illinois. The registered office of the defendant corporation is in Richland County, Illinois. The corporation has no other offices and does not do business in Cook County. Defendant Hummert is a resident of Clinton County, Illinois. Defendant Eaton is a resident of St. Peters, Missouri.

Plaintiff's complaint alleges plaintiff is the owner of 487 shares of common stock in defendant corporation. Commencing in 1976, plaintiff had received dividends in Cook County based on his ownership of that stock. On May 15, 1981, the corporation declared a dividend of $20 per share of common stock. Defendant corporation paid these dividends to certain of its shareholders. Defendant corporation has not paid the dividends owed plaintiff despite plaintiff's repeated demands.

The pertinent provisions of the Code of Civil Procedure provide (Ill. Rev. Stat. 1981, ch. 110, pars. 2—101, 2—102):

> "Sec. 2—101. Generally. Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant who is joined in good faith and with

probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (b) in the county in which the transaction or some part thereof occurred out of which the cause of action arose.

* * *

Sec. 2—102. Residence of corporations and partnerships defined. For purposes of venue, the following definitions apply:

(a) Any private corporation or railroad or bridge company, organized under the laws of this State, and any foreign corporation authorized to transact business in this State is a resident of any county in which it has its registered office or other office or is doing business. A foreign corporation not authorized to transact business in this State is a nonresident of this State."

Because none of the defendants are residents of Cook County, and the defendant corporation maintains its registered office in Richland County and does not do business in Cook County, venue is proper in Cook County only if the transaction or some part thereof, out of which the cause of action arose, occurred in Cook County. See Ill. Rev. Stat. 1981, ch. 110, par. 2—101(b).

Thus, the issue here presented is whether nonpayment of dividends by a corporation, with its registered office in Richland County, to a shareholder residing in Cook County is sufficient basis under the statutory language above cited to authorize venue in Cook County in a suit by the shareholder. There is a paucity of Illinois and other case law dealing directly with this transactional element of venue.

In *La Ham v. Sterling Canning Co.* (1943), 321 Ill. App. 32, 52 N.E.2d 467, cited by both parties here, plaintiff was a resident of Wisconsin. The defendant corporation had its registered office in Whiteside County, Illinois. The action involved misappropriation of assets and mismanagement of the corporation, wrongful issuance of shares and refusal to permit inspection of corporate records. Thus, the case throws no light upon the specific issue before us. However, the court there considered the meaning of the word "transaction" in the same statute involved in the case at bar. Although the court pointed out that none of the parties there involved resided in Cook County, the language used by the court in its opinion should be considered.

The court categorized the term "transaction" with the statement that it "must necessarily refer to dealings between the parties themselves where they are in a sense adversaries." (*La Ham v. Sterling*

*Canning Co.* (1943), 321 Ill. App. 32, 44.) The court also approved a broad construction of the word "transaction" as meaning, " 'every variety of affairs which forms the subject of negotiations or actions between the parties.' " 321 Ill. App. 32, 44.

Defendants contend the facts here show only the "non-receipt of a declared dividend" by a plaintiff shareholder in Cook County. They urge this cannot be a "transaction" for the purpose of establishing venue. We disagree.

In *Bagarozy v. Meneghini* (1955), 8 Ill. App. 2d 285, 131 N.E.2d 792, defendant, Maria Callas, was a resident of Italy. Plaintiff was a resident of New York. They entered into a contract whereby plaintiff was entitled to commissions based on defendant's operatic performances. Plaintiff sued defendant in Cook County after defendant made another contract to appear and perform in Chicago. This court held the venue was proper (8 Ill. App. 2d 285, 290-91):

> "Here defendant argues that the transaction out of which the contract arose occurred 'in New York and/or Italy,' and therefore no part of the transaction occurred in Illinois. We think defendant's position is untenable, for the reason that plaintiff's suit is not based on the transaction out of which the contract arose. Plaintiff's cause of action, according to the allegations of the complaint, arose from the transaction resulting in the breach of the contract which occurred when the defendant Callas agreed to appear under the auspices of the Lyric Theatre of Chicago, in Cook County, and refused to pay the commission due plaintiff under the terms of the agreement."

Similarly, in the case at bar, the transaction did not arise merely from the status of plaintiff as a shareholder. The significant matter is the failure of plaintiff as a shareholder to receive his dividend in Cook County as he had in the past.

■ In the instant case, the relationship between a corporation and its shareholders is contractual in nature. (*Roth v. Ahrensfeld* (1939), 300 Ill. App. 312, 316, 21 N.E.2d 21, *aff'd* (1940), 373 Ill. 550, 27 N.E.2d 445.) According to the holding in *Bagarozy*, an action for breach of contract is proper at the locale of that breach. We find this rule enunciated in other jurisdictions. (See *Russell v. Pineview Realty, Inc.* (W. Va. 1980), 272 S.E.2d 241; *State ex rel. Hartwig's Poultry Farm, Inc. v. Bunde* (1969), 44 Wis. 2d 229, ____, 170 N.W.2d 734, 737; *Windsor v. Migliaccio* (Fla. App. 1981), 399 So. 2d 65, 66.) Furthermore, these jurisdictions hold that the payment of money is required at the residence of the payee, and that venue is proper at the payee's county of residence. *Excel Insurance Co. v. Brown* (Fla. App.

1981), 406 So. 2d 534, 535:

> "A cause of action on a contract accrues and venue is proper in the county where performance is required. [Citations.] Where the default involves failure to pay money and no place of payment is expressly agreed upon, it is generally implied that payment is to be made in the county where the payee resides. [Citations.]"

Similarly, the declaration of a dividend by a corporation creates a debtor-creditor relationship between the corporation and its shareholders. (*Ford v. Ford Manufacturing Co.* (1921), 222 Ill. App. 76, 83, *appeal denied*.) In addressing the issue of venue the Federal District Court in South Carolina stated (*Deering Milliken Research Corp. v. Textured Fibres, Inc.* (D. S.C. 1970), 310 F. Supp. 491, 500):

> "The general rule is that place of payment of a debt, or contractual obligation, absent clear agreement to the contrary, is the residence or headquarters of the creditor. [Citations.]
>
> * * *
>
> Accordingly, venue was properly fixed in the county where payment was to be performed, i.e., in the county where the creditors' maintained their offices and residences."

To the same effect, the Supreme Court of West Virginia held (*Russell v. Pineview Realty, Inc.* (W. Va. 1980), 272 S.E.2d 241, 243): "[West Virginia] imposes a duty on a debtor to seek out his creditor and make payment to him wherever he resides." See also *Max Bauer Meat Packer, Inc. v. Gordon Cartons, Inc.* (Fla. App. 1982), 423 So. 2d 1030.

■■ ■ We believe this rule should be applied in the case at bar. Even if such a provision is not explicitly embodied in the articles of incorporation of defendant corporation, we believe it is implied that a shareholder's dividends will be paid to the shareholder at his residence or any place he directs. Therefore, we conclude that absent explicit agreement to the contrary, if a corporation breaches its contract to pay dividends to a shareholder, such a breach occurs at the residence of the shareholder. This is particularly true in the instant case where the defendant corporation had previously paid other dividends to plaintiff at his residence in Cook County.

In *Bagarozy v. Meneghini* (1956), 8 Ill. App. 2d 285, 292, the court applied the principle that unless the balance of convenience between the parties is "strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed." We see no sound reason to disturb plaintiff's choice in the case before us.

Accordingly venue was proper in Cook County and the trial court

erred in granting defendants' motion to change venue to Richland County.

For these reasons the judgment is reversed and the cause is remanded to the circuit court of Cook County for trial.

BUCKLEY, P.J., and CAMPBELL, J., concur.